UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTON REALTY, LLC,<br>ANDY MOHR TRUCK CENTER, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>GUARDIAN BROKERS LTD., INC.,<br>NATIONAL BANK OF COMMERCE, NA,<br><br>Defendants.<br>_____<br><br>GUARDIAN BROKERS LTD., INC.,<br><br>Counter Claimant,<br><br>vs.<br><br>ANDY MOHR TRUCK CENTER, INC.,<br>ANTON REALTY, LLC,<br><br>Counter Defendants.<br>_____<br><br>FIFTH THIRD BANK,<br><br>Interested Party. | No. 1:13-cv-01915-JMS-TAB |

## **ORDER REGARDING SECOND AMENDED COMPLAINT**

I.    Jurisdictional Defects

On November 10, 2014, Plaintiffs filed a Second Amended Complaint. [Filing No. 84.] Plaintiffs allege that this Court has diversity jurisdiction over this matter, [Filing No. 84 at 2], but because they improperly plead the requisite jurisdictional allegations, the Court cannot confirm

1

that conclusion.[1]

Plaintiffs' Second Amended Complaint adds a new defendant to this matter, National Bank of Commerce, N.A ("National Bank"). [Filing No. 84 at 1.] They allege that National Bank is a national banking association with its principal place of business in Alabama. [Filing No. 84 at 1.] The United States Supreme Court has held that a national banking association is deemed to be a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (interpreting 28 U.S.C. § 1348). Because Plaintiffs do not allege the location of National Bank's main office as designated by its articles of association, they have not properly alleged National Bank's citizenship.

Moreover, Plaintiffs make the jurisdictional allegations regarding both Defendants' citizenship "[o]n information and belief." [Filing No. 84 at 2-3.] Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012),

---

[1] The Court recognizes that it previously accepted a joint jurisdictional statement, [Filing No. 9]; however, Plaintiffs' Second Amended Complaint adds a new defendant whose citizenship has not been confirmed and was not a party to the prior jurisdictional statement.

and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, the Court **ORDERS** Plaintiffs to file a Third Amended Complaint, properly alleging a basis for this Court's diversity jurisdiction. The Defendants need not answer or otherwise respond to Plaintiffs' Second Amended Complaint. [Filing No. 84.]

## II. Effect of Second Amended Complaint on Pending Motions

Plaintiffs' new pleading also adds a new party and supersedes the complaint on which Defendant Guardian Brokers, Ltd., Inc. ("Guardian") moved for summary judgment and prejudgment possession. [Filing No. 53; Filing No. 55]; *Duda v. Bd. of Educ.*, 133 F.3d 1054, 1057 (7th Cir. 1998) ("Once an amended pleading is filed, it supersedes the prior pleading."). It is unknown whether Guardian and National Bank are allied in their defense of Plaintiffs' claim, or whether National Bank will assert a possessory interest separate from that of Guardian. The Court therefore **DENIES** those motions **AS MOOT** without prejudice. [Filing No. 53; Filing No. 55.] Consequently, Plaintiffs' Motion for Extension of Time to respond to summary judgment, [Filing No. 81], is also **DENIED AS MOOT**. Guardian should not refile any further dispositive motion until National Bank has appeared.

November 13, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Cynthia Reese
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
creese@beneschlaw.com

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
mwaterfill@beneschlaw.com

3

Jason R. Delk
DELK MCNALLY
delk@delkmcnally.com

Michael T. McNally
DELK MCNALLY
mcnally@delkmcnally.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Sean T. White
HOOVER HULL LLP
swhite@hooverhull.com