UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTON REALTY, LLC,<br>ANDY MOHR TRUCK CENTER, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>GUARDIAN BROKERS LTD., INC.,<br>NATIONAL BANK OF COMMERCE, NA,<br><br>Defendants.<br>─────────────────────────────<br>GUARDIAN BROKERS LTD., INC.,<br><br>Counter Claimant,<br><br>vs.<br><br>ANDY MOHR TRUCK CENTER, INC.,<br>ANTON REALTY, LLC,<br><br>Counter Defendants. | No. 1:13-cv-01915-JMS-TAB |

## **ORDER**

Presently pending before the Court is Plaintiffs' Objection to the Magistrate's Order Denying Plaintiffs' Motion to File a Fourth Amended Complaint. [Filing No. 117.] For the reasons that follow, the Court **OVERRULES** the Objection.

**I.**
**BACKGROUND**

The Court draws the following background from the allegations in the Third Amended Complaint. M-3 Investments ("M-3") owned property encumbered by a mortgage held by Fifth

Third Bank ("Fifth Third").[1] [Filing No. 87 at 2.] Plaintiff Andy Mohr Truck Center ("Andy Mohr") leased the property through Andy Mohr Automotive Group, Inc. in 2010, and it operates a semi-truck dealership on the property. [Filing No. 87 at 2.]

In 2013, Andy Mohr entered into negotiations with M-3 to purchase the property, and those negotiations led to a contract for sale between Plaintiff Anton Realty, LLC ("Anton Realty") and M-3. [Filing No. 87 at 2-3.] As required by the contract, M-3 requested a payoff amount from Fifth Third in September 2013. [Filing No. 87 at 3.] Fifth Third entered into a payoff contract whereby it agreed to "issue appropriate release of [the] mortgage," and the contract was to remain enforceable until September 12, 2013. [Filing No. 87 at 3.] Anton Realty and M-3 scheduled a closing for the purchase of the property on September 11, 2013. [Filing No. 87 at 3.] After Anton Realty tendered the purchase price, M-3 received a loan transfer notice from Fifth Third that informed M-3 that its commercial note with Fifth Third had been sold to Defendant Guardian Brokers Ltd., Inc. ("Guardian Brokers"). [Filing No. 87 at 4.] Guardian Brokers, however, refused to accept the tendered loan payoff from M-3 via payment from Anton Realty. [Filing No. 87 at 4.]

Anton Realty brought this suit against Guardian Brokers in state court on October 31, 2013. [Filing No. 1-1 at 6.] The case was removed to this Court on December 5, 2013. [Filing No. 1.] The case management plan set the deadline to seek leave to amend the pleadings or join additional parties as July 7, 2014. [Filing No. 28 at 3.] On November 26, 2014, Plaintiffs filed a motion for leave to file a fourth amended complaint that added Fifth Third as a defendant. [Filing No. 93.] Subsequently, Plaintiffs filed a separate suit against Fifth Third.

---

[1] Fifth Third is an interested party to this case and, as such, filed responses to Plaintiffs' motion and objection.

The Magistrate Judge denied Plaintiffs' motion for leave to file a fourth amended complaint. [Filing No. 109.] Specifically, the Magistrate Judge provided four reasons why leave to amend should not be granted: (1) the motion was filed over four months past the deadline; (2) Plaintiffs seek to add a new defendant to the case even though discovery is already closed; (3) Plaintiffs claim that they could not have added Fifth Third as a defendant earlier, but fail to explain what information was not available to them earlier that made them unable to seek an amendment; and (4) the complaint had already been amended several times and a summary judgment motion was pending. [Filing No. 109 at 1-2.] Plaintiffs' objection to the Magistrate Judge's ruling is now pending before the Court.

## II.
### STANDARD OF REVIEW

The district court's review of any decision by a magistrate judge on a non-dispositive motion is governed by Rule 72(a) of the Federal Rules of Civil Procedure. A motion to amend a pleading is considered a non-dispositive motion. *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). The district court should not modify or set aside a magistrate judge's ruling on a non-dispositive motion unless the ruling is contrary to law or the factual findings are clearly erroneous. *See* Fed. R. Civ. P. 72(a). A finding is clearly erroneous when, after considering the entire record, the reviewing court has been definitely and firmly convinced that a mistake has been made. *See Kidd v. Illinois State Police*, 167 F.3d 1084, 1095 (7th Cir. 1999). A decision whether to allow amendment of a complaint under Fed. R. Civ. P. 15 is highly discretionary. *See Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011) ("district courts are vested with . . . wide discretion when it comes to evaluating the merits of Rule 15(a)(2) motions to amend"). "[A] district court may deny a plaintiff leave to amend if there is undue delay, bad faith[,] or dilatory motive ... [, or] undue

prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Sound of Music Co. v. Minn. Min. & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (alterations in original) (citations and quotation marks omitted).

### III.
#### DISCUSSION

Plaintiffs object to the Magistrate Judge's decision primarily on the ground that judicial economy favors permitting them to include Fifth Third as a defendant in this suit, since most of the facts and witnesses involved in this suit and the one against Fifth Third—which has already been filed—are the same. [Filing No. 117 at 4.] As to the four reasons identified by the Magistrate Judge, Plaintiffs respond to them as follows: (1) one of the two previous amended complaints was ordered by the Court and was not a substantive amendment; (2) Plaintiffs' prior counsel did not recognize that claims against Fifth Third existed until depositions were taken in September 2014, which was admittedly after the deadline to amend; (3) the discovery deadline had passed, but "denying the addition of Fifth Third necessitates the filing of a separate lawsuit"; and (4) the pending summary judgment motion was filed after the Plaintiffs' motion for leave to file a fourth amended complaint. [Filing No. 117 at 3-4.]

Fifth Third responds that it produced documents in April 2014, and Plaintiffs have failed to cite any specific information discovered during the September 2014 depositions that was not apparent from those documents. [Filing No. 132 at 2.] Further, says Fifth Third, the depositions to which Plaintiffs point were taken on September 9 and 10, 2014, yet the motion to amend at issue was not filed until November 26, 2014—only five business days before the discovery deadline and long after the depositions. [Filing No. 132 at 2.] Lastly, Fifth Third points out that litigation against it is already proceeding in a separate lawsuit, so there is no need to include them in this suit. [Filing No. 132 at 2.]

In reply, Plaintiffs restate that Fifth Third should be added to this lawsuit "for the simple reason that it will make for a more just and efficient trial and eliminates the risk of conflicting or inconsistent verdicts." [Filing No. 138 at 1.] As to the delay in filing their motion to amend, Plaintiffs state that "[t]he timeline of events was not clearly understood by Plaintiffs' prior counsel; and when prior counsel learned of the claims against Fifth Third, they had to withdraw because of a conflict." [Filing No. 138 at 2.]

Plaintiffs' objection must be overruled for two reasons. First, Plaintiffs ignore the standard of review. Parties are permitted to file objections to the Magistrate Judge's orders, but those objections will only be sustained if the Court determines that the Magistrate Judge's decision is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). Thus, when ruling on an objection, this Court essentially functions as an appellate court applying a highly deferential standard of review. Although no deference is afforded to the Magistrate Judge's resolution of legal questions, the Magistrate Judge's resolution of factual questions will only be disturbed if clearly erroneous, which is an especially difficult showing to make. *See S. Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001) (stating that a decision is only clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish"); *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made."). Plaintiffs ignore these standards altogether and, consequently, do not make the requisite showing for the Court to overrule the Magistrate Judge's decision. On this basis alone the Court must overrule Plaintiffs' objection.

Second, even if the Court considers Plaintiffs' arguments that are not directed at the proper standard of review, they are unpersuasive. Plaintiffs primarily argue that it would be more efficient to include Fifth Third in this lawsuit. But the Magistrate Judge implicitly rejected this when pointing out that the deadline to add a party and the discovery deadline had already past when Plaintiffs sought leave to add Fifth Third as a party. [[Filing No. 109 at 1](Filing No. 109 at 1).]

As to the other reasons set forth by the Magistrate Judge, Plaintiffs' responses to them are unavailing. The Magistrate Judge's reasons all amount to a finding that Plaintiffs have unduly delayed seeking to add Fifth Third to this suit, which is an appropriate reason to deny a motion for leave to amend. *See [Sound of Music Co., 477 F.3d at 922](Sound of Music Co., 477 F.3d at 922)*. Plaintiffs themselves acknowledge that their motion to amend was filed after this litigation had significantly progressed: they did not seek leave to add Fifth Third as a party until after the deadline to do so and the discovery deadline had both passed. [[Filing No. 109 at 1](Filing No. 109 at 1).]

Plaintiffs' attempts to explain their delay are insufficient to establish that the Magistrate Judge's decision was clearly erroneous. Plaintiffs assert that they were unaware that claims may exist against Fifth Third until depositions taken on September 9 and 10, 2014. But as Fifth Third points out, Plaintiffs did not seek leave to add Fifth Third as a defendant until a month and a half later, and shortly before discovery closed, which further evinces their delay in pursuing this amendment. Moreover, Plaintiffs fail to explain what information was gained during the depositions that alerted them to potential claims against Fifth Third that they did not already know from Fifth Third's April 2014 document production.

Plaintiffs also attempt to shift blame for the delay on their previous counsel. They assert that "[t]he timeline of events was not clearly understood by Plaintiffs' prior counsel" and that prior counsel's subsequent withdrawal caused the "delay in filing Plaintiffs' Motion for Leave to File

Fourth Amended Complaint." [Filing No. 138 at 2.] Plaintiffs freely chose their prior counsel, however, and "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 396 (1993). In sum, Plaintiffs' justifications for their delay in seeking to add Fifth Third as a party are unavailing and do not undermine the Magistrate Judge's decision.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiffs' Objection to Magistrate's Order Denying Plaintiffs' Motion to File a Fourth Amended Complaint. [Filing No. 117.]

Date: May 12, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**