UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTON REALTY, LLC,<br>ANDY MOHR TRUCK CENTER, INC.,<br><br>    Plaintiffs,<br><br>vs.<br><br>GUARDIAN BROKERS LTD., INC.,<br>NATIONAL BANK OF COMMERCE, NA,<br><br>    Defendants.<br>_____<br><br>GUARDIAN BROKERS LTD., INC.,<br><br>    Counter Claimant,<br><br>vs.<br><br>ANDY MOHR TRUCK CENTER, INC.,<br>ANTON REALTY, LLC,<br><br>    Counter Defendants.<br>_____<br><br>FIFTH THIRD BANK,<br><br>    Interested Party. | No. 1:13-cv-01915-JMS-TAB |

**ORDER ON PLAINTIFFS' MOTION TO REOPEN DISCOVERY[1]**

    Before the Court is Plaintiffs' motion to reopen discovery. Plaintiffs seek to reopen discovery of an allegedly fraudulent mortgage issued the day before the case was removed to

---

[1] Plaintiffs' full motion is entitled motion to reopen discovery and compel deposition or, in the alternative, petition for order to show cause why Defendant, Guardian Brokers, should not be held in contempt. [Filing No. 145.] For the sake of brevity, the Court will refer to this as Plaintiff's motion to reopen discovery.

federal court.  Plaintiffs' motion also seeks to compel the deposition of Keith Sharp and a Rule 30(b)(6) representative of Defendant Guardian Brokers LTD, Inc.  Plaintiffs argue that the only possible purpose for the creation of this mortgage is bolstering Guardian Brokers' claims and defenses in this action.  [Filing No. 146, at ECF p. 6.]  Defendants, however, insist that the mortgage is not pertinent to the issues before the Court on summary judgment.  [Filing No. 147, at ECF p. 2, 3.]  For the reasons described below, Plaintiffs' motion to reopen discovery [Filing No. 145] is granted in part and denied in part.

Plaintiffs argue that discovery should be reopened to allow depositions of Sharp and a Rule 30(b)(6) representative of Guardian Brokers.  Under Federal Rule of Civil Procedure 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent."  Moreover, a motion that is made after the deadline has expired may only be granted if the moving party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1).  Plaintiffs assert that both good cause and excusable neglect exist due to the newly discovered evidence that National Bank of Commerce did not prepare, file, or know anything about the mortgage, despite the fact that is was purportedly issued to National Bank of Commerce by Guardian Brokers.  [Filing No. 146, at ECF p. 6.]  However, Plaintiffs' limited discussion of this issue does not provide a sufficient showing of good cause or excusable neglect.  Therefore, the motion is denied to the extent that it seeks to reopen discovery and compel the depositions.

Likewise, the Court denies Plaintiffs' alternative motion to issue an order to show cause why Guardian Brokers should not be held in direct contempt of court.  [Filing No. 146, at ECF p. 7.]  Even if the purported mortgage is unusual, the Court's power to hold a party in contempt is reserved for egregious misbehavior or disobedience.  To be held in contempt, a party "must have violated an order that sets forth in specific detail an unequivocal command from the court."  *U.S.*

*v. Dowell*, 257 F.3d 694, 69 (7th Cir. 2001) (quoting *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 737 (7th Cir. 1999)). Use of the Court's contempt power in this circumstance would be unwise and inappropriate.

By denying Plaintiffs' request to reopen discovery for depositions, the Court is not suggesting that Plaintiffs' motion is wholly without merit. Plaintiffs' request is understandable, if largely unsuccessful. Although the allegedly fraudulent mortgage does not justify allowing an untimely deposition, the Court will not completely foreclose Plaintiffs' inquiry. The Court will permit Plaintiffs to serve two interrogatories on Defendant Guardian Brokers and two interrogatories on Defendant National Bank of Commerce regarding the allegedly fraudulent mortgage. If Plaintiffs still believe that a deposition regarding the mortgage is needed after the interrogatories have been answered and the Court has ruled on the cross motions for summary judgment, the Court would consider setting a hearing on the matter.

Finally, it bears noting that Guardian Brokers stated that Plaintiffs' motion is "either an attempt to run up the tab after the fact, an attempt to cloud the issues already presented and pending, or an attempt simply to further delay this matter." [Filing No. 147, at ECF p. 4.] Such an allegation is not well taken. Guardian Brokers may have intended this characterization to be innocuous, but it is in fact a serious allegation that should not be casually included in a brief.

For the foregoing reasons, Plaintiffs' motion to reopen discovery [Filing No. 145] is granted in part and denied in part.

Date:  6/11/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana

Distribution:

Mark R. Waterfill
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF, LLP
mwaterfill@beneschlaw.com

Christopher Charles Hagenow
BLACKWELL, BURKE & RAMSEY, P.C.
chagenow@bbrlawpc.com

Cynthia Reese
BLACKWELL, BURKE & RAMSEY, P.C.
creese@bbrlawpc.com

Jason R. Delk
DELK MCNALLY
delk@delkmcnally.com

Michael T. McNally
DELK MCNALLY
mcnally@delkmcnally.com

Michael L. Einterz, Jr.
EINTERZ & EINTERZ
michael@einterzlaw.com

Michael L. Einterz, Sr.
EINTERZ & EINTERZ
mike@einterzlaw.com

Anne Kramer Ricchiuto
FAEGRE BAKER DANIELS LLP
anne.ricchiuto@FaegreBD.com

Kathryn E. Olivier
FAEGRE BAKER DANIELS LLP
kathryn.olivier@faegrebd.com

Ryan Michael Hurley
FAEGRE BAKER DANIELS LLP
ryan.hurley@FaegreBD.com

Sean T. White
HOOVER HULL LLP
swhite@hooverhull.com

Andrew W. Hull
HOOVER HULL TURNER LLP
awhull@hooverhullturner.com

Scott Stuart Morrisson
KRIEG DEVAULT LLP
smorrisson@kdlegal.com

Kevin C. Gray
MAYNARD COOPER & GALE PC
kgray@maynardcooper.com