UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTON REALTY, LLC, )<br>ANDY MOHR TRUCK CENTER, INC., )<br> )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>GUARDIAN BROKERS LTD., INC., )<br>NATIONAL BANK OF COMMERCE, NA, )<br> )<br>Defendants. )<br>_____ )<br> )<br>GUARDIAN BROKERS LTD., INC., )<br> )<br>Counter Claimant, )<br> )<br>vs. )<br> )<br>ANDY MOHR TRUCK CENTER, INC., )<br>ANTON REALTY, LLC, )<br> )<br>Counter Defendants. ) | No. 1:13-cv-01915-JMS-TAB |

**ORDER**

Plaintiffs-Counter Defendants Anton Realty, LLC, and Andy Mohr Truck Center, Inc. (collectively "Anton Realty") ask the Court to reconsider the Court's July 1, 2015, Order granting summary judgment to Defendant-Counter Claimant Guardian Brokers, Ltd., Inc. ("Guardian Brokers") as to liability on all of both parties' claims.  Anton Realty's Motion for Reconsideration improperly contains arguments not raised in its summary judgment briefing and otherwise ignores the standard of review for such a motion.  Furthermore, the result reached in the Court's Order and the path to get there were in large part dictated by how Anton Realty choose to argue its case—

- 1 -

choices it cannot attempt to undo now.  For these reasons, which are explained in more detail below, Anton Realty's Motion for Reconsideration is **DENIED**.  [Filing No. 154.]

# I.
## STANDARD OF REVIEW

A motion for reconsideration does not technically exist under the Federal Rules of Civil Procedure.  *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001).  A district court, however, has the inherent power to reconsider any of its orders at any time before final judgment.  *See Peterson v. Linder*, 765 F.2d 698, 704 (7th Cir. 1985) (citing *Diaz v. Indian Head, Inc.*, 686 F.2d 558, 562 (7th Cir. 1982)).  Further authority for this is found in Rule 54(b), which provides that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of judgment."

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation and quotation marks omitted).  "Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time."  *Id.* (citation, quotation marks, and emphasis omitted); *see Bally Expoert Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) ("[A] motion for reconsideration is an improper vehicle to introduce evidence previously available or to tender new legal theories.").  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."  *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

## II.

### DISCUSSION

Anton Realty raises essentially two arguments for why the Court should reconsider its grant of summary judgment to Guardian Brokers on all of the parties' claims.[1]  The Court will address each argument in turn.  In doing so, the Court incorporates by reference the factual background from its Order granting Guardian Brokers summary judgment.  [*See* Filing No. 151 at 4-11.]

### A.    Guardian Brokers' Alleged Interference with the September 11 Closing

Anton Realty argues that the Court overlooked its argument that Guardian Brokers wrongfully interfered with Anton Realty's attempt to close on the Property on September 11, 2013, by "wrongfully misrepresent[ing]" that it had "rights to the property."  [Filing No. 155 at 7.]  Anton Realty contends that had the Court not overlooked this argument, the Court would have concluded that, "since a party cannot rely on the failure of a condition precedent when that party's own action or inaction caused the failure," Guardian Brokers, who caused the closing's failure, cannot benefit from it.  [Filing No. 155 at 6.]

As an initial matter, this is a new argument that was not raised in Anton Realty's summary judgment briefing and thus is not proper to raise in a motion for reconsideration.  Anton Realty asserts that it "repeatedly" made this argument in its summary judgment briefing.  [Filing No. 155 at 6 (citing Filing No. 140 at 7).]  Anton Realty cites a single page of its summary judgment reply brief in support of that assertion, and on that page Anton Realty framed the argument as follows:

_____

[1] Anton Realty invokes the legal standards for analyzing a Rule 59(e) motion.  But final judgment has not yet issued in this case.  Thus, Anton Realty's motion is not made pursuant to Rule 59(e)— that is, one to alter or amend a judgment.  Instead, it is an interlocutory motion for reconsideration, which is governed by the legal standards outlined above.  While these standards are similar to those applied to a Rule 59(e) motion, Anton Realty's motion cannot technically be made pursuant to that rule.

> To start, Guardian's position ignores that Anton Realty obtained equitable title to the Property by executing a purchase agreement and tendering <u>the entire purchase price</u> to M-3. The only reason that Anton Realty's purchase has not concluded is because Guardian improperly rejected the payoff amount without any legal right to do so. Thus, by arguing that the failure to deliver the deed to Anton Realty bars Anton Realty's claims, Guardian is attempting to take advantage of its improper conduct. However, it is well-established in Indiana that a party may not rely on the failure of a condition precedent when that party's own action or inaction caused the failure. *AquaSource, Inc. v. Wind Dance Farm, Inc.*, 833 N.E.2d 535, 539 (Ind. Ct. App. 2005) citing, *Hamlin v. Steward*, 622 N.E.2d 535, 540 (Ind.Ct.App.1993). Therefore, Guardian cannot benefit from Anton Realty's failure to receive the deed, when it was Guardian's wrongful conduct that caused the problem in the first place.

[Filing No. 140 at 7-8.]  As this passage demonstrates, Anton Realty only argued that Guardian Brokers' "wrongful conduct" was its "improper[] reject[ing] [of] the payoff amount without any legal right to do so." [Filing No. 140 at 7.]  Indeed, much of Anton Realty's briefing was focused on the Guardian Brokers' and Fifth Third's allegedly improper rejection of the payoff amount on September 11. The Court addressed and rejected that argument in its Order, as it was the only one raised. [*See* Filing No. 151 at 15-16.]  Now Anton Realty attempts to argue that Guardian Brokers' improper conduct was not just its rejection of the payoff amount, but also its representation that it had rights to the Property. But because this argument was not adequately raised in its summary judgment briefing, the Court will consider it waived and not reconsider its Order on this ground. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270; *see also Sturgis v. Author Solutions, Inc.*, 317 Fed. Appx. 553, 556 (7th Cir. 2009) ("[A]n argument raised for the first time in a motion to reconsider comes much too late.").

- 4 -

In the alternative, the sole legal authority on which Anton Realty relies does not support its position.  In the sole case cited by Anton Realty, the Indiana Court of Appeals recognized that "a party may not rely on the failure of a condition precedent to excuse performance where that party's own action or inaction caused the failure.  When a party retains control over when the condition will be fulfilled, it has an implied obligation to make a reasonable and good faith effort to satisfy the condition." *AquaSource*, 833 N.E.2d at 539.  The condition precedent that was un-fulfilled and thus allegedly prevented Anton Realty from closing on the Property occurred when Fifth Third rejected the payoff amount.  As the Court made clear in its Order, because Anton Realty[2] argued (and Guardian Brokers accepted in reply) that Guardian Brokers had no right to the Notes on September 11, "Guardian Brokers had no obligation to accept the payoff amount." [Filing No. 151 at 16.]  Thus, Guardian Brokers had no "control over when the condition w[ould] be fulfilled," and therefore had no obligation to make a good faith effort to ensure that it was. *Aqua-Source*, 833 N.E.2d at 539.  Accordingly, even if the Court were inclined to consider this newly raised argument (which it is not), it would reject it as meritless.

The Court wishes to note that the above argument set forth by Anton Realty exemplifies the briefing strategy of its summary judgment and motion for reconsideration—that is, once Guardian Brokers or the Court explained why Anton Realty's chosen position inevitably led to the failure of its claims, it would change its position in the next filing.  But once a party takes a certain position, it cannot, as depicted below, "change horses in midstream." *Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011).  Anton Realty chose to take the position that Guardian Brokers had no right to the Notes on September 11.  That legal position, which Guardian Brokers accepted for

---

[2] The Court also notes that the right to payoff would have been M-3's, and not Anton Realty's.

the sake of argument even though it had initially argued that it did have such rights, has consequences for Anton Realty's claims that it cannot now undo.

Relatedly, Anton Realty did not assert a tortious interference with a contract claim.  While the Court takes no view on whether such a claim would have merit, that is essentially the type of claim Anton Realty is attempting to assert against Guardian Brokers by arguing that it—as a non-party to the relevant Notes and contracts on September 11—was to blame for the closing's failure because it interfered with it.  Choosing not to raise such a claim is another legal decision that Anton Realty must accept and cannot change.  The Court relies on the parties to know what legal claims and arguments are best for them and will not second-guess these choices. *See Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present . . . .  Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.").  It will, however, hold the parties to the choices they make.

### B.    The Deed In Lieu of Foreclosure and Equitable Title

Anton Realty argues that Mr. Smith did not believe he could—and thus did not intend—to convey any interest in the Property to Guardian Brokers when he signed and delivered the Deed In Lieu of Foreclosure to Guardian Brokers on September 20, 2013, and this creates a fact issue as to whether Guardian Brokers received any interest in the Property.  [Filing No. 155 at 9.]  While Anton Realty noted, as a factual matter, that Mr. Smith did not think the Deed In Lieu of Foreclosure conveyed any interest in the Property to Guardian Brokers on September 20, it never presented the argument raised in the instant motion in its summary judgment briefing.  In other words, Anton Realty never argued that Mr. Smith's intent when he endorsed and delivered the Deed In Lieu of

Foreclosure meant that Guardian Brokers took no interest in the Property by way of that instrument.  Further, it never cited the lone authority, *Scott v. Scott*, 127 N.E.2d 110, 115 (Ind. Ct. App. 1955), on which it relies in support of its newly raised argument.  Accordingly, because this argument was not adequately raised in its summary judgment briefing, the Court will again consider it waived and not reconsider its Order on this ground.  *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270; *see also Sturgis*, 317 Fed. Appx. at 556.

In the alternative, the sole authority on which Anton Realty relies does not support its position that Mr. Smith's belief regarding what interest the Deed In Lieu of Foreclosure conveyed to Guardian Brokers is determinative as to what interest Guardian Brokers actually received.  Anton Realty points the Court to the proposition that "the real test is whether the grantor by any acts or words, or both, in reference to the deed evinces an unmistakable intention to surrender all possession and control of the same in favor of the grantees and to give it effect and operation according to its terms."  *Scott*, 127 N.E.2d at 115.  Even if, as Anton Realty argues, the Deed In Lieu of Foreclosure is essentially a quitclaim deed, the fact that Mr. Smith believed the quitclaim deed would not give Guardian Realty an interest in the Property has no bearing on the test announced in *Scott*.  Mr. Smith's act of signing and delivering the deed in exchange for a release of liability for he and M-3 evidences an intention to give that deed "effect and operation according to its terms."  *Id.*  In other words, it does not matter that Mr. Smith did not believe Guardian Brokers would realize an interest in the Property, it matters only that he unequivocally intended to give Guardian Brokers, as stated in the deed, "an absolute conveyance of [M-3's] right, title and interest in and to said real estate."  [Filing No. 57-1 at 49.]  The fact M-3 had a more substantial right to the Property than Mr. Smith thought at the time of the conveyance does not change the fact that he indisputably intended to convey whatever interest M-3 had.  Accordingly, even if the Court were

inclined to consider Anton Realty's newly raised argument (which it is not), it would be rejected on the merits.

Finally, Anton Realty makes a related argument regarding the Deed in Lieu of Foreclosure. Because the deed is essentially a quitclaim deed, says Anton Realty, Guardian Brokers' interest in the Property is subject to Anton Realty's equitable interest in the Property that, eventually, would result in Anton Realty obtaining legal title in the Property. [Filing No. 155 at 9-12.] This argument is merely a repackaging of an argument Anton Realty raised in its summary judgment briefing and the Court rejected in its Order, which alone is grounds to reject it as a basis for reconsideration given that "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

Even if Anton Realty's argument is repackaged in a slightly different manner and the Court was inclined to consider it, it would be rejected on essentially the same grounds as set forth in the Court's Order.  First, Indiana law does not recognize a doctrine of equitable title in which that title could ever transform into legal title.  [*See* Filing No. 151 at 21-22 (explaining how none of the cases on which Anton Realty relied demonstrates that Indiana recognizes such a theory of equitable title).]

Second, to the extent that Anton Realty argues that its equitable title can transform into legal title because Guardian Brokers, upon delivery of the Notes, accepted Fifth Third's obligation to accept the payoff amount, the Court already rejected this argument as well.  [*See* Filing No. 151 at 16 n.6; *see also* Filing No. 151 at 19 n.7.]  As the Court explained, even if this were true, the Payoff Letter was valid only through September 12, 2013, and Guardian Brokers did not receive

the Notes until several days later.  [Filing No. 151 at 16 n.6.]  In improperly reasserting this argument, Anton Realty does not address this point, let alone argue that the Court misunderstood the facts in reaching this conclusion.

For these reasons, Anton Realty's motion for reconsideration must be denied.

### III.
### CONCLUSION

Anton Realty's motion for reconsideration improperly attempts to raise new arguments it could have raised in its summary judgment briefing and must be denied on this basis alone.  More generally, Anton Realty ignores the standard of review on a motion for reconsideration altogether in that it never explicitly sets forth what about the Court's Order, in its view, constituted a "manifest error[] of law or fact."  *Publishers Resource, Inc.*, 762 F.2d at 561.  At best, it merely asserts repackaged arguments that the Court already rejected or were never raised.  For these reasons, and for those set forth above, Anton Realty's Motion for Reconsideration is **DENIED**.  [Filing No. 154.]

Date:  August 14, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**